CHICHESTER v. WALTON et al.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. MASTER AND SERVANT ☜80—ACTIONS FOR COMPENSATION—PLEADING—VARIANCE—"NET PROFITS."

In a traveling salesman's action for compensation under a contract of employment, in which he alleged that he was to receive a specified salary and necessary traveling expenses, and in addition thereto one-half of the net profits on sales by him, after deducting such salary and expenses, but his evidence tended to show that he was to have one-half of the gross

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

profits, subject to the deductions named, while defendants pleaded that plaintiff was to receive one-half of the gross profits after certain deductions, but their evidence was that he was to have one-half of the net profits after making certain deductions, the jury having apparently found that the contract was actually made in the form testified to by plaintiff, the apparent inconsistencies between the pleading and the proof might well be overlooked; the term "net profits," as used in the complaint, being susceptible of the construction that it referred only to the deductions specified.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. ☞80.

For other definitions, see Words and Phrases, First and Second Series, Net Profits.]

2. MASTER AND SERVANT ☞80—ACTIONS FOR COMPENSATION—INSUFFICIENCY OF PROOF.

In such action, plaintiff's testimony that when the contract was made he said that he was to have one-half of the profits, and that his profits 'would run 14 per cent., was not a sufficient basis for a computation of profits, it not appearing therefrom that there was any agreement fixing the profits at 14 per cent., but only that plaintiff made that calculation, basing it upon his past experience; and hence, where defendants' evidence showed that the profits were only 9.8 per cent., a recovery of an amount in excess of the amount due on this basis was unsustained by the evidence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. ☞80.]

Appeal from City Court of New York, Trial Term.

Action by Warren Chichester against David S. Walton and another, doing business as D. S. Walton & Co. From a judgment rendered in favor of plaintiff, entered upon the verdict of a jury, defendants appeal. Reversed, and new trial ordered, unless plaintiff stipulates that the judgment may be modified.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

James C. Cleary, of New York City (John C. Hollembaek and Edward H. Maddox, both of New York City, of counsel), for appellants.
William Copeland Dodge, of New York City, for respondent.

HENDRICK, J. [1, 2] Plaintiff was employed by the defendants as a traveling salesman from September 3, 1912, to July 12, 1913. His claim is that he was employed under an oral contract for one year, and that before the expiration of the contract he was wrongfully discharged. In his complaint he swears that under his contract of employment he was to receive the sum of $40 per week and necessary traveling expenses, and in addition thereto "one-half the *net profits* on sales procured and delivered by plaintiff to defendants, after deducting the said salary of $40 per week and necessary traveling expenses." The answer alleged that the contract was for an indefinite period of time, and that the plaintiff agreed to accept in full payment for his services one-half the *gross profits* on all business brought in to the defendants by the plaintiff while so employed, after the defendant had deducted from said *gross profits* twice the amount of all sales previously advanced to the plaintiff for his weekly drawing account and traveling

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

expenses. It conceded that the defendants were to advance to the plaintiff the sum of $40 per week.

Upon the trial the parties seemed to have completely changed their attitude, although the plaintiff pleaded that he was entitled to one-half the *net profits* after the aforesaid deductions, he was permitted to, and did, introduce evidence to show that he was entitled to one-half the *gross profits* subject to these deductions; and although the defendant had pleaded that the plaintiff was entitled to one-half of the *gross profits* after certain deductions, they were permitted to produce evidence that the agreement between themselves and the plaintiff was that he was to have one-half of the *net profits* after deducting all overhead charges, as well as the drawing account and traveling expenses. Inasmuch, however, as the jury has apparently determined that the contract was actually made in the form as testified to by the plaintiff, and as the term "net profits," as used in the complaint, is susceptible of the construction that it referred only to the specified deductions, we may well overlook the apparent inconsistencies between the pleadings and the proof.

More serious objections to the validity of the verdict rendered are to be found in the record. The plaintiff has given absolutely no testimony as to the amount of the profits, either net or gross. He testified only that he turned into defendant orders for sales amounting to $30,-198.20. At the time the contract was made he said:

"I am to have one-half the profits and my profits will run 14 per cent."

If the defendant had stated that the profits would run 14 per cent., then possibly, in the absence of proof of the actual profit, this might be some basis for computation; but it appears very clearly that the plaintiff alone calculated that the profits would average 14 per cent., and he based such statement upon his past experience. From the testimony of the plaintiff it is evident that the parties never entered into an agreement that the profits should be fixed at 14 per cent., and that at most it was understood that plaintiff was to receive but one-half the actual profits, after deducting his salary or drawing account and his traveling expenses.

The defendants did, however, prove a basis for calculating the profits by undisputed testimony. The witness Service, sworn on behalf of the defendants, testified:

"Q. Was any profit made on any business brought in by the plaintiff? A. The average profit for six months' business was 9.8 per cent. of the orders brought in by him."

It was also shown that the actual amount of goods sold by plaintiff, accepted by the defendants and shipped by them, amounted to the sum of $26,388.05. Of course, no profits were made upon orders not accepted and upon which goods were not shipped. The gross profits upon the amount of goods shipped, averaging 9.8 per cent. upon $26,-388.05, amounts to $2,586.03. This is the sole testimony of gross profits, and the only testimony upon which computation of the sum due plaintiff can be based.

If we accept the plaintiff's testimony that his total drawing account and expenses amounted to the sum of $2,316.07, then the profits after

the conceded deductions are made would be $269.96, of which plaintiff would be entitled to one-half, or $134.98. In addition to this sum the plaintiff would be. entitled to the sum of $227.50 for salary and drawing account which he was unable to earn after his discharge, amounting in all to the sum of $362.48. It follows, therefore, that there is, no foundation for the present judgment in plaintiff's favor of $1,183.34 and costs, and that, unless the plaintiff will stipulate to reduce the judgment to the sum of $362.48 and costs of the court below, there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless plaintiff will stipulate, within five days after entry of judgment in the City Court and service of notice thereof, that the judgment may be modified, by reducing the amount of recovery to the sum of $362.48 and appropriate costs in the court below, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party. All concur.